Job W. Woodman, Collector, *v.* The American Print Works.

A Massachusetts manufacturing corporation, which has hired by lease-parol print works in this state, is not taxable in the town where the works are situated for its cotton cloth there in process of being printed and prepared for market; such cloth not being "merchandise" or "stock in trade" in the sense of section 13, chapter 38 of the Revised Statutes.

This was an action on the case, brought by the plaintiff as collector of taxes in the town of Fall River, Rhode Island, to recover a town tax assessed against the defendants, a Massachusetts manufacturing corporation, who, in the year 1858, were lessees by parol of the Bay State Print Works, a calico printing establishment in said town.

The case was submitted to the court, under the general issue, both in fact and law; and it appeared, that on the 7th day of April, 1858, the town voted " that a tax of $6400 be assessed upon, and levied and collected from, the ratable real and personal estates in this town for the purposes, to wit," &c.; and " that the taxes be paid into the treasury on or before the first day of September next." On the 10th day of May, 1858, notice was issued by the assessors to the owners of ratable property, to bring in their lists of such property, on the 17th, 24th, or 31st days of that month. The valuation was completed on the 31st day of May, and the tax assessed on the 1st day of June, 1858; the proportion of the defendants being fixed by the assessors at the sum of $572.50, to recover which this action was brought. At the time the tax was ordered by the town, to wit: on the 7th day of April, 1858, the defendants had no taxable property in Fall River, R. I. Subsequently, however, they hired the Bay State Print Works in that town; and on the 17th day of May, 1858, had at those works, in the shape of unbleached goods and goods in the process of printing, which

were to be printed and packed there and then brought into Massachusetts to be shipped for market, personal property to the amount of $5000 ; and on the 17th and 31st days of May such property to the amount of about $30,000.

*Sheffield,* for the plaintiff.

By the policy of our tax law all personal property employed in business in this state by non-residents is taxable in the towns in which the business is carried on. Rev. Stats. ch. 39, sect. 13.

By the 4th sect. of ch. 39, of the Revised Statutes, the assessors are to assess the tax at the time ordered by the town. It is true, that the only time fixed for the assessment of this tax by the town is to be inferred from their order that it should be paid in by the first day of September, leaving it for the assessors to assess it at such time as would enable it to be paid in by the time set for paying it. The statute is directory merely to the town as to fixing the time of assessment; and when no time is fixed by them, the assessors may fix it at a reasonable time, considering the other terms of the order. If it be objected that this was a Massachusetts corporation, and therefore taxable for its personal property in Massachusetts, we rely upon the express words of sect. 13, ch. 38, of the Revised Statutes, which provides that " merchandise " or " stock in trade," which includes both the money and goods of the defendants employed as capital in their business in Rhode Island, as it would include iron brought here to be manufactured into nails, or lumber to be used here in the building of ships. This action is expressly given by sect. 27, ch. 40, of the Rev. Stats.

*W. H. Potter,* for defendants.

The true construction of the vote of the town, passed April 7th, 1858, is, that the ratable personal estate then in the town was to be assessed ; and the town alone by the statute has power to fix the time of the assessment, and thereby to direct what property shall be assessed. At the time of this vote the defendants had no property in the town, and so could not be liable to taxation.

The case is not within sect. 13, ch. 38, of the Revised Statutes. The goods of the defendants were not in Fall River, as " merchandise " or " stock in trade," that is, for sale, but for

manufacture; and are no more liable to taxation than goods in transit. They were not "located in the town," in the sense of that section; but fugitive merely whilst being printed. The defendants, or their stockholders, were already taxed for these goods, with their other personal property, in Massachusetts; and to enforce this imposition would subject them to double taxation. The 14th section of ch. 38 guards our own citizens against this evil, when their property in other states is taxed, and thereby indicates that double taxation of the same property is against the policy of our law.

AMES, C. J. As the tax which this action is brought to recover is upon the personal property of a foreign corporation, it cannot be supported upon general principles, but must find its authority in some special enactment. We are pointed to the 13th section of ch. 38 of the Revised Statutes, which provides that "merchandise, stock in trade, lumber, and coal, stock in livery-stables, machinery, and machine tools, being in buildings or on wharves, or otherwise located in any town, and belonging to persons not residing in this state, shall be taxed to the owners, in the towns where the property may be when the tax is assessed."

With any fair attention to the settled distinctions of language, it is quite impossible for us to say that " merchandise " or " stock in trade " include goods in the course of manufacture; and it is not pretended that the property of the defendants, which has been taxed, falls within the other descriptions of personal property enumerated in this section. The word " *merchandise*," and phrase " *stock in trade*," are well understood to mean goods for sale, — a stock of goods offered for sale, — and this meaning accords precisely with their derivation. A state, the bulk of whose inhabitants derive their subsistence from manufacturing and mechanic labor, is the last in which we should assume that the legislature would subject to a special tax personal property owned abroad, and brought here to be worked upon; and by the specification in this section of " machinery and machine tools " as the subjects of local taxation, all other personal property of non-resident manufacturers and mechanics would seem, by implication, to be excluded from it.

Woodman, Collector, *v.* The American Print Works.

The goods of the defendants, for which this tax was assessed upon them, were brought to Fall River to be bleached, printed, and finished; and when this work was done upon them, were to be carried back to Massachusetts, and from thence shipped, so that they might be put on sale as merchandise, and become parts of "stocks in trade." Goods in the hands of manufacturers or mechanics as the materials or subjects of their respective arts, are, in our judgment, no more subject to taxation under this section than goods temporarily stored or lying on wharves, waiting land transportation or shipment.

It is worthy of remark in this connection, that in the corresponding sections of the Massachusetts tax acts, from which this 13th section of our tax act was borrowed, the words are: "All goods, wares, and merchandise, or any other stock in trade, *including stock employed in the business of any of the mechanic arts,*" &c.; "All stocks in trade, *including stock employed in the business of manufacturing,* or any *of the mechanic arts,*" &c. The omission in our statute of the words here found, extending stock in trade to the stock of a manufacturer and mechanic, was undoubtedly designed; and the result is in accordance with the policy which might be expected to prevail here.

As this construction of the section disposes of the case before us, it is unnecessary to consider the other questions which have been raised and argued on it. Let judgment be entered for the defendants.